UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 1:06-CR-0076 |
| CHIAN SPIRIT MARITIME ENTERPRISES, INC., VENETICO MARINE S/A and M/V IRENE EM, EVANGELOS MADIAS, CHRISTOS PAGONES, | (Judge Sleet) |
| Defendants | |

### CONSOLIDATED RESPONSE OF THE UNITED STATES TO DEFENDANTS' MOTIONS IN LIMINE

COMES NOW the United States of America, by and through the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and the undersigned attorneys, and files this consolidated response to Defendants' Thirty Seven (37) Motions in Limine.

### I. INTRODUCTION

Defendants have filed thirty seven (37) Motions in Limine seeking to exclude numerous broad categories of evidence from the trial of this case. Defendants assert in their introductory language that they seek "to exclude matters that are incompetent, irrelevant, or prejudicial to the material issues in this case." Thereafter, each motion consists of a simple statement identifying a category of potential evidence or argument and each motion is submitted without reference or citation to any Federal Rule of Evidence or to any supporting case authority deciding or even discussing the numerous issues raised by Defendants' several motions.

## II. ARGUMENT

A number of the Defendants' motions in limine raise noncontroversial issues regarding the exclusion of clearly irrelevant evidence or the prohibition of improper or unethical comment or argument by counsel. The government will readily agree to the exclusion of such matters from this trial, but the government submits that such restrictions must necessarily apply equally to the government and Defendants. Certain other motions, made without argument or authority, seek to exclude evidence that will be highly relevant to the trial of this case. In several of the motions, it is not entirely clear what evidence the Defendants seek to exclude, but the government will address what it understands to be the substance of the motion. For ease of reference, the government will reference the motions by the numbered paragraph in which they appear in Defendants' submission and, for purposes of efficiency, will discuss certain of the motions jointly when there is a logical or evidentiary connection between the motions.

Motion 1 - Other Act Evidence

The government will not seek the introduction of evidence that would typically be considered evidence of "other crimes, wrongs or acts" under Rule 404(b), Federal Rules of Evidence. However, the pending Indictment charges Defendants with participation in a multi-object conspiracy, including multiple overt acts, a substantive violation of the Act to Prevent Pollution from Ships, and three (3) witness tampering offenses. Any evidence which is relevant to prove the charges conspiracy, including uncharged overt acts committed in furtherance of any objective of the conspiracy, is intrinsic to the charged offenses and, thus, not governed by Rule 404(b). *United States v. Cross*, 308 F.3d 308, 320 (3rd Cir. 2002).

Motion 2 - Witness Statements and Demonstrative Evidence

The government has complied with Defendants' requests for production of discovery material as required by Rule 16 of the Federal Rules of Criminal Procedure and *Brady*. The government also recognizes its continuing obligation of production under the Rule, and any newly discovered material will be provided to Defendants as soon as it is identified. Finally, as trial preparations have proceeded, the government has also notified the Defendants regarding the preparation of certain trial exhibits, and those will be provided to the Defendants as soon as they are completed.

### Motions 3 through 5 - Claims of Privilege and Discussions During Plea Negotiations

The government recognizes and agrees that any legitimate assertion of attorney client privilege made by the Defendants' would be inadmissible at trial. Additionally, the government agrees that Rule 410 of the Federal Rules of Evidence generally provides, with certain limited exceptions, that statements made during the course of plea discussions are not admissible.

### Motions 6 through 8 - Evidence of Defendants' Financial Condition or Insurance

The government generally agrees that evidence regarding the Defendants' financial condition, its coverage under insurance policies and/or its financial ability to pay a criminal fine would not be admissible at trial. However, the government also submits that, in the event the Defendants' were to open the door regarding this issue at trial, through argument of counsel or the introduction of evidence, the government would be entitled to introduce its own evidence on these issues in rebuttal.

### Motions 9 and 10 - Comment on Reputation or Home Office of Counsel

The government agrees that evidence or arguments on these issues, either by the government or by counsel for the Defendants is inadmissible.

### Motions 11 and 12 - Evidence from Rule 15 Depositions

The government agrees that no testimony from the Rule 15 depositions should be proffered for admission unless the Court has first ruled such evidence to be admissible. With respect to the Defendants' arguments that some of the deposition testimony is inadmissible as hearsay under Rule 802 of the Federal Rules of Evidence, the government requests the Court's reference to the discovery letter from Jeffrey Phillips to Defendants' counsel dated November 2, 2006. (Attachment A). In Section VIII of that letter, at p. 3, the government identifies several unindicted co-conspirators. Any statements made by one of the unindicted co-conspirators during the pendency of the conspiracy and in furtherance of one of its objectives is defined as non-hearsay pursuant to Rule 801(d)(2)(E).

### Motion 13 - Legal Conclusions

The government agrees that witnesses generally are not competent to testify with respect to legal conclusions. However, the government wishes to clarify that, as set forth in paragraphs 6 through 9 of Count 1 of the Indictment, the inspection activities of the United States Coast Guard are governed by certain statutory provisions and international treaties under the agency's Port State Control program. Accordingly, in order to explain the purposes of their boarding and inspection of the *M/V Irene E.M.*, the Coast Guard witnesses will necessarily make reference to certain legal standards and requirements in order to provide a context for and an explanation of their actions.

### Motions 14 through 21

The government agrees with the exclusion of the categories of evidence discussed in these motions unless the door is opened by the Defendants or circumstances at trial would

otherwise warrant reconsideration of these issues.

### Motions 22 and 23 - Hearsay Statements

The government agrees with the exclusion of hearsay statements, but notes again that coconspirator statements are defined as non-hearsay under Rule 801 (d)(2)(E).

### Motions 24 through 37

The government agrees with the exclusion of the evidence identified in these motions, but would reiterate, with respect to the trial exhibits and other materials referenced in Motion 35, that the government will provide finalized trial exhibits to counsel for the Defendants as soon as they are available.

## III. CONCLUSION

For the reasons stated, the United States respectfully requests that this Court enter an Order to DENY the Defendant's Motion.

RESPECTFULLY SUBMITTED,

/s/   Jeffrey Phillips

JEFFREY L. PHILLIPS
Trial Counsel

/s/ Gregory Linsin

GREGORY F. LINSIN
Special Litigation Counsel
Environmental Crimes Section
United States Department of Justice

# EXHIBIT A



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Crimes Section*  *Telephone (202) 305-0321*
*P.O. Box 23985*  *Facsimile (202) 305-0397*
*L' Enfant Plaza Station*
*Washington, DC  20026-3985*

November 2, 2006

George M. Chalos, Esq.
Chalos, O'Connor and Duffy, LLP
366 Main Street
Port Washington, NY 11050
Phone: 516-767-3600
Fax: 516-767-3605

      Re:    October 10, 2006 (sic) discovery requests,
              <u>United States v. Chian Spirit Maritime Enterprises, et al</u>

Dear Mr. Chalos:

      We have received your letter, dated October 10 (sic), 2006, concerning discovery in the above named case. This letter contains the response of the United States to the various requests made on behalf of Defendant. To the extent the government has already provided discovery, to include Court-ordered 6(e) material, prior to the video-taped Rule 15 depositions, those disclosures are noted below by reference number and title. All additional discovery material are provided forthwith.

      I.        <u>Statements</u>

      Your letter requests written or oral statements made by your corporate client defendants. You also request information related to any prior criminal record of your client. Please see the attached list of prior "Government Discovery" and "Government Discovery (Part Two)". The government is not in possession of any additional evidence. All reports and notes of on-board interviews were provided prior to the Rule 15 depositions.

      1.        Oral Statements

      The government considers all statements made by crew members and officers of the Irene to be made as agents of the defendant's corporations. The government does not have additional evidence of oral statements beyond the disclosures made prior to the Rule 15 depositions and those statements now in your possession, which were provided by the crew-based witnesses during the actual Rule 15 depositions.

      2.        Written Statements

      Please see the attached list of prior "Government Discovery" and "Government Discovery (Part Two)". The government is not in possession of any additional evidence.

3.    Prior Record

The government does not intend to introduce evidence of prior criminal conduct committed by the defendant corporations. But see II (20) below.

II.    <u>Documents, Data and Objects</u>

1. Pipe and Flanges (previously shown to the defense)

2. Oil Record Book (a copy was provided to the defense prior to Rule 15 depositions)

3. Port State Control Reports (previously provided)

4. Foreign Freight Vessel Examination Book (previously provided)

5. Crew List (previously provided)

6. OWS Diagram (previously provided)

7. Radio-Holland USA, Inc. Service Continuation Sheets (previously provided)

8. Irene Emails (previously provided)

9. Irene Ship Information (3 pages) (previously provided)

10. Ship Manager's Record (previously provided)

11. Shipboard Oil Emergency Plan Approval (previously provided)

12. Safety and Environmental Protection Policy (previously provided)

13. Bilge Alarm Invoice (previously provided)

14. Photographs of vessel oil products, pipes and valves (previously provided)
    These photographs will be enlarged and placed onto boards for use at trial. Additional information will be provided to the defense following the creation of these boards.

15. Captain of the Port Order (previously provided)

16. Crew Statements (5 pages) (previously provided)

17. Witness statements and ship policies (23 pages)(previously provided)

18. Irene emails (22 pages)(previously provided)

19. Venetico Financial Data (previously provided)

20. USCG Investigation of Irene compliance history (previously provided)

### III.   Reports of Examinations and Tests

In addition to the previously-provided report of examination : "Oil Analysis Report", dated 19 Dec 2005 the government provided the full chain of custody, Gas Chromatography Worksheet, and Biomarker analysis via FEDEX on November 1, 2006.

### IV.   Summary Witness Charts

At this time the government does not intend to provide a chart, but will list USCG Special Agent Brent McKnight (215) 897-5404 as a government witness that will provide a summary of the investigative efforts related to this case.

### V.    Expert Witness

On October 20, the government provided via email an expert witness disclosure.

### VI.   Other Offenses (FRE 404(b))

The government does not intend to submit additional evidence not already submitted or contained in the Rule 15 testimony.

### VII.  Brady and Giglio Materials

The United States is aware of its continuing obligations under Brady. We cannot know what defenses Chian or Venetico plan to present at trial and, therefore, we cannot anticipate what you might consider to be exculpatory evidence. Accordingly, we have produced all statements of the Defendants, all Grand Jury transcripts, all reports of interview, and other documents obtained during the course of the investigation. Other than the materials already produced in discovery, we are unaware of any other Brady material that fits the requested items.

As to information required by Giglio, the United States, through its agencies, continues to conduct a thorough review of its records. To date, no material exists which is required to be disclosed under Giglio.

### VIII. Names of Unindicted Co-Conspirators

The United States is not required to identify the names of unindicted co-conspirators. Wilkins v. United States, 376 F.2d 552, 562-63 (5th Cir.), cert. denied, 389 U.S. 964 (1967). However, the United States offers in good faith, the following unindicted co-conspirators:

a. All witnesses that provided testimony during the Rule 15 depositions;
b. Chief Engineer Tomondong
c. Chief Engineer Dragomir
d. Master Manolache

IX.    Jencks Act Material

The government is not aware of any undisclosed Jencks Act Material.

X.    Sentencing Information

The government will provide sentencing information at the appropriate stage of the proceedings.

XI.    Renewed Request for Reciprocal Discovery

In the event that additional discovery material comes into the possession of the United States, you will be notified, and it will be made available to you. At this time, the United States renews its request for reciprocal discovery pursuant to Rule 16(b)(1)(A) and (B) and Paragraph E of the Court's Scheduling Order. We also request reciprocal production of Jenks Act statements pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure. To date, we have received no materials in reciprocal discovery from you.

If you have any questions or concerns, please contact me at (202)305-0354.

Sincerely,

Jeffrey L. Phillips
Trial Attorney
United States Department of Justice

## CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v. * | |
| * | CRIMINAL NO. 06-76-GMS |
| CHIAN SPIRIT MARITIME * | |
| ENTERPRISES, INC., * | |
| VENETICO MARINE S/A and M/V * | |
| IRENE EM, * | |
| * | |
| Defendants * | |

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify that on December 4, 2006, I electronically filed the foregoing:

**CONSOLIDATED RESPONSE OF THE UNITED STATES
TO DEFENDANTS' MOTION IN LIMINE**

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

GEORGE M. CHALOS, ESQUIRE
gmc@codus-law.com

/s/ Sharon L. Bernardo